IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herman Joseph Daniels, III, #302463, ) | C/A No: 3:13-864-JFA-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Michael McCall ) | |
| ) | |
| Respondent. ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this Magistrate Judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e); § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

This is Petitioner's second § 2254 Petition filed in this Court seeking to challenge his 2004 Orangeburg County convictions for voluntary manslaughter and attempting to burn a building or property. His initial petition was found to be barred "because it was not timely filed under the one-year statute of limitations created by the" Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *Daniels v. Padula*, Civil Action No. 3:11-1445-JFA-JRM (D.S.C. Aug. 23, 2012).

As grounds for this habeas action, Petitioner claims ineffective assistance of trial counsel; ineffective assistance of post-conviction relief counsel; and that he is "innocent of voluntary

1

manslaughter, but, guilty of self-defense." Petition, ECF No. 1 at 8. In response to the Petition form's question about timeliness of the petition, Petitioner responds:

> It wasn't until March 20, 2012, that it was decided a Post-Conviction Relief attorney can be held to being ineffective, and trial counsel could still be held ineffective just as long if it wasn't successive, as indicated in *Martinez v. Ryan*, [132 S.Ct. 1309 (2012)]. Petitioner reserves the right to call forth the ineffective assistance of counsel, default and innocence, under *Martinez v. Ryan* against (Trial and P.C.R. Attorney). To hold Petitioner under the wrong statute sentencing guideline would be a "Miscarriage Of Justice," under the "Cause" of "Default and Innocence."

*Id* at 13. Petitioner does not allege that he presented his petition-timeliness position to the Fourth Circuit Court of Appeals in a request for authorization to file this successive petition, or that he received such authorization before filing this Petition in this Court.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A; the AEDPA; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## DISCUSSION

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government.  *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*.  *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 8, 2010).

Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The "gatekeeping" mechanism created by the AEDPA provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A).

This Petition should be dismissed because it is successive to Petitioner's first § 2254 action, which was decided on the merits. Petitioner did not appeal the dismissal of his initial § 2254 petition, and he did not obtain authorization from the Fourth Circuit Court of Appeals before filing his current Petition in this Court.

To be successive, a prior petition must have been adjudicated on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-489 (2000). A dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive. *See Quezada v. Smith*, 624 F.3d 514 (2d. Cir. 2010); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir.2005); *Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008).

Although Petitioner appears to argue that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), allows him to file this action, that case does not provide authorization for him to file this action under § 2244(b)(2)(A). *See Wigfall v. McCall*, C/A No. 0:12-2090-RMG, 2012 WL 4981382, at *2 (D.S.C. Oct. 17, 2012)("*Martinez* does not provide authorization under § 2244(b)(2)(A) because it is an equitable ruling which did not establish a new rule of constitutional law."), *appeal dismissed*, 2013 WL 1735487 (4th Cir. Apr. 23, 2013). A court of appeals may authorize a successive petition if the Petitioner shows that it contains a claim that relies on (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due

4

diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. *See* 28 U.S.C. § 2244(b)(2); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000).

Because Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in this District Court, this Court does not have jurisdiction to consider it and it is subject to summary dismissal without service on Respondent. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice.

Joseph R. McCrorey
United States Magistrate Judge

July 10, 2013
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).